UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH IIAMES,

      Plaintiff,

v.                                                                    Case No.  8:04-cv-1709-T-TBM

SCHOOL BOARD OF HARDEE
COUNTY, FLORIDA,

      Defendant.
                                 /

**O R D E R**

THIS MATTER is before the court on **Defendant School Board of Hardee County,**

**Florida's Motion for Judgment as a Matter of Law and/or Motion for New Trial**

(Doc. 53) and Memorandum in Support (Doc. 54).  By its motion, Defendant urges the court,

pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, to set aside the jury's verdict

and judgment entered thereon, and enter judgment for the Defendant.[1]  As grounds, Defendant

asserts that Plaintiff failed to produce any competent evidence establishing that his exercise of

protected speech was a substantial or motivating factor in Defendant's non-renewal of his

employment contract.  In the alternative, Defendant urges the court, pursuant to Rule 59(a) of

the Federal Rules of Civil Procedure, to grant it a new trial on the basis that the verdict is

contrary to the weight of the evidence and was improperly influenced by considerations

outside the record.  Plaintiff has filed a response in opposition (Doc. 58).

---

[1]Given the procedural posture of this case, Rule 50(b) is the applicable provision.  See
Fed. R. Civ. P. 50.

Rule 50(b) provides, in pertinent part, that:

> If, for any reason, the court does not grant a motion for
> judgment as a matter of law made at the close of all the
> evidence, the court is considered to have submitted the
> action to the jury subject to the court's later deciding the
> legal questions raised by motion.  The movant may renew its
> request for judgment as a matter of law by filing a motion no
> later than 10 days after entry of judgment – and may
> alternatively request a new trial or join a motion for a new
> trial under Rule 59.  In ruling on a renewed motion, the court
> may: (1) if a verdict was returned: (A) allow the judgment to
> stand, (B) order a new trial, or (C) direct entry of judgment
> as a matter of law . . .

Fed. R. Civ. P. 50(b).[2]  When considering a Rule 50(b) motion, the court must consider the

evidence presented at trial, drawing all reasonable inferences in favor of the non-moving

party.  Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004).

A defendant's motion for judgment as a matter of law should be granted if the plaintiff failed

to present a legally sufficient evidentiary basis for a reasonable jury to find for him on a

material element of his cause of action.  Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272,

1278 (11th Cir. 2005).  The motion should be denied if the plaintiff presents enough evidence

to create a substantial conflict in the evidence on an essential element of his case.  Id.

Under Rule 59, "[a] new trial may be granted . . . in an action in which there has

been a trial by jury, for any of the reasons for which new trials have heretofore been granted"

under the common law.  Fed. R. Civ. P. 59(a)(1).  A motion for new trial is left to the

discretion of the trial court.  Hercaire Int'l, Inc. v. Argentina, 821 F.2d 559, 562 (11th Cir.

---

[2]This rule has been amended effective December 1, 2006.  See 2006 US Order 20
(C.O. 20).

1987); see also Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 684-85

(11th Cir. 1983).

The court has carefully considered the arguments raised by Defendant and finds no

grounds warranting the entry of a judgment as a matter of law on Defendant's behalf or

granting a new trial in this cause.  Review of the trial testimony demonstrates that the jury

could have reasonably concluded that Plaintiff's protected speech was a substantial or

motivating factor in the Defendant's decision to not renew his contract.  Accordingly, it is

**ORDERED** that **Defendant School Board of Hardee County, Florida's Motion for**

**Judgment as a Matter of Law and/or Motion for New Trial** (Doc. 53) is DENIED.

**Done and Ordered** in Tampa, Florida, this 2nd day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record